IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEVIN ASHFORD, | ) | 8:12CV166 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CITY OF OMAHA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion to Reinstate Case. (Filing No. 11.) The court dismissed this matter on July 2, 2012, because Plaintiff failed to inform the court of his current address. (Filing No. 8.) Plaintiff has now updated his address, and seeks reinstatement of this matter. (Filing No. 11.) For good cause shown, the court will reopen this matter. However, because Plaintiff is proceeding in forma pauperis, the court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.     SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint in this matter against the City of Omaha, Nebraska, Douglas County, Nebraska, and 31 individuals, including 10 "John Does." (Filing No. 1 at CM/ECF pp. 1-2.) The individual Defendants are sued in both their official and individual capacities and Plaintiff has alleged that each of them was involved in the violation of his constitutional rights. (*Id.*)

Condensed and summarized, Plaintiff alleges that he was arrested on May 11, 2010, without a warrant and without probable cause. (*Id.* at CM/ECF pp. 5, 7.) Defendants City of Omaha and Douglas County, Nebraska "directed defendants to lock-up Plaintiff" and charge him with second degree assault and use of a weapon to commit a felony. (*Id.*) Defendants booked Plaintiff into the "Douglas County Jail,"

where he remained for six months, until the charges were dismissed on October 8, 2010. (*Id.* at CM/ECF pp. 5-6.) Plaintiff alleges that his arrest violated the Fourth Amendment and was the result of a "custom, policy, or official act of Defendants" and "a failure to properly train the officers and a failure to properly supervise the officers." (*Id.* at CM/ECF pp. 6-7.) Plaintiff seeks more than $200,000 in damages for his Fourth Amendment claim, and his separate state law claims. (*Id.* at CM/ECF pp. 9-10.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

2

### III.     DISCUSSION OF CLAIMS

"The Fourth Amendment prohibits a warrantless entry of a home by law enforcement officers unless the circumstances are within a reasonableness exception to the warrant requirement." *U.S. v. Clarke*, 564 F.3d 949, 958-59 (8th Cir. 2009). However, the Eighth Circuit has recognized a "reasonableness exception to the warrant requirement which allows a non-consensual, warrantless search of a home if the search is supported by probable cause and exigent circumstances." *Id.* at 959; *see also United States v. Hogan*, 539 F.3d 916, 922 (8th Cir. 2008). When examining if a search is reasonable, courts consider "all the circumstances of the particular governmental invasion of a citizen's personal security." *Terry v. Ohio*, 392 U.S. 1, 19 (1968).

In addition, "[i]t is well established that a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments." *Hannah v. City of Overland, Mo.*, 795 F.2d 1385, 1389 (8th Cir. 1986). "An officer has probable cause to arrest a suspect without a warrant if the 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Arnott v. Mataya,* 995 F.2d 121, 124 (8th Cir. 1993) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)).

Here, Plaintiff has alleged that Defendants arrested him without a warrant and without probable cause. (Filing No. 1.) Plaintiff has further alleged that the unlawful arrest, and six-month incarceration, was the direct result of an unconstitutional official custom or policy promoted and sanctioned by the City of Omaha, Douglas County, and its officers. (*Id.*) Liberally construing the Complaint, and at this early stage of the proceedings, the court finds that Plaintiff has alleged sufficient facts to nudge his Fourth Amendment claim across the line from conceivable to plausible.

3

However, the court cautions Plaintiff that this is a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

Liberally construing the Complaint, Plaintiff may also have claims for violations of state law such as false arrest, malicious prosecution, and/or "abuse of process." (Filing No. 1.) The court makes no finding regarding its jurisdiction over such claims, pending service and a response from Defendants.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Defendants may proceed and service is now warranted.

2. To obtain service of process on Defendants, Plaintiff must complete and return the summons form which the Clerk of the court will provide. The Clerk of the court shall send TWENTY FOUR (24) summons forms and TWENTY FOUR (24) USM-285 forms (for service on the individual Defendants and the municipal Defendants separately) to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint, to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

4.     Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5.     Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

6.     The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**February 20, 2013**: Check for completion of service of summons."

7.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

8.     Plaintiff's Motion to Reinstate Case (filing no. 11) is granted. The Clerk of the court is directed to reopen this matter in accordance with this Memorandum and Order.

9.     The Clerk of the court is directed to update Plaintiff's address pursuant to Filing No. 11.

DATED this 24th day of October, 2012.

5

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.